## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARLEY KULKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   2:09-cv-02261-PMP-LRL |
| v. | ) |
| | )   **O R D E R** |
| TOWN OF PAHRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the court is plaintiff's Motion to Re-Open Discovery (#19). Plaintiff commenced the instant action on November 25, 2009. Defendants were served with summons and the Complaint in March, 2010. The due dates for most defendants to file Answers were April 8, 2010 and April 23, 2010. On May 6, 2010, counsel for plaintiff filed a Motion to Withdraw as Counsel of Record for the Plaintiff (#12) on ground that plaintiff had failed to meet his financial obligations. The court granted the Motion to Withdraw on May 13, 2010. Plaintiff was ordered to obtain new counsel not later than June 25, 2010 and file a notice of appearance not later than June 28, 2010. Order (#13). In the alternative, if plaintiff were unable to obtain counsel by that time, he was ordered to file a memorandum explaining why he has not retained new counsel. *Id.* On May 17, 2010, defendants filed an Answer (#14) to the Complaint. On May 19, 2010, plaintiff's withdrawn counsel filed a Certificate of Service (#16) of the court's Order (#13), which indicated that plaintiff had been served by mail with the order granting the motion to withdraw.

On October 24, 2010, defense counsel sent a letter to plaintiff. Exh. 4 to Mot. (#19). The letter indicates that defense counsel had, as a courtesy, advised plaintiff several times that he must comply with the Federal Rules of Civil Procedure and the Local Rules. Counsel specifically referred plaintiff to LR 26-1 which requires the plaintiff to initiate a Fed. R. Civ. P. 26(f) meeting within thirty days after

the defendant files an Answer. Counsel explained that within fourteen days after the Rule 26(f) meeting, the parties must file a Discovery Plan and Scheduling Order. Defense counsel then pointed out that all of the foregoing deadlines were past due "despite my warnings to you." *Id.*

No further action was taken in the case until the plaintiff filed a Joint Stipulation and Proposed Order (#17) on December 6, 2010, regarding deadlines for dispositive motions and agreeing that plaintiff would file a motion to reopen discovery. On December 7, 2010, plaintiff filed a Notice of Entry of Appearance (#18) and the instant Motion to Re-Open Discovery (#19). Plaintiff asks that the court reopen discovery so that the parties may engage in the Rule 26(f) conference and move forward with a discovery plan accordingly. Plaintiff does not indicate whether or not he received the court's Order (#13) directing him to obtain counsel or file a status memorandum by June 28, 2010. Nor does he explain why he did not attempt to follow through on his discovery obligations. He does state that when his former counsel withdrew, he was not advised what to do. Mot. (#19) at 9. Plaintiff further represents that he sought, but had difficulty finding, an attorney. *Id.*

Pursuant to Local Rule 26-4, a motion to reopen discovery shall include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why discovery remaining was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery. Here the parties have not engaged in a Rule 26(f) discovery conference, no discovery order has been entered in this case, and no discovery has been undertaken. Neither party asserts that it will be prejudiced by the reopening of discovery. Additionally, defendants have not opposed the motion. Their failure to do so constitutes consent to the granting of the motion. LR 7-2(d).

The court will reopen discovery and give the parties a final opportunity to conduct discovery and move this case along. Because of both sides' lack of effort in this case, discovery will be reopened for three months only. The parties are warned that no further extensions of the discovery deadline will be granted absent a showing of extraordinary diligence and good cause.

Accordingly,

IT IS ORDERED that plaintiff's Motion to Re-Open Discovery (#19) is GRANTED. The following deadlines will now be in effect:

| | |
|---|---|
| Discovery | April 4, 2011 |
| Designation of experts | February 4, 2011 |
| Designation of rebuttal experts | March 4, 2011 |
| Dispositive motions | May 4, 2011 |
| Joint Pretrial Order | June 6, 2011 |

DATED this 3rd day of January, 2011.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**